# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JONES, | 1:05-cv-01091-OWW-SMS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITH PREJUDICE |
| v. | (Doc. 1) |
| A. WOIFE, et. al., | |
| Defendants. | |

**I.   FINDINGS**

    **A.   Procedural History**

MICHAEL JONES ("Plaintiff") is proceeding pro se and in forma pauperis.  At the time of filing his original complaint, in August of 2005, Plaintiff was a federal prisoner in custody at the United States Penitentiary Atwater, ("U.S.P. Atwater") in Atwater, California – where the acts he complains of occurred.  Plaintiff has since been transferred to the United States Penitentiary Tucson, in Tucson, Arizona.

    **B.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### C. Summary of Plaintiff's First Amended Complaint

Plaintiff alleges that his rights under the Eighth Amendment were violated when he was falsely accused of being absent, without excuse, during the census count, which resulted in a reduction in his pay grade. Plaintiff names four defendants: A. Woife, Unit Counselor; M.E. Orosco, Unit Manager; Cathryn Gant, Acting Warden; and J.E. Gunja, Regional Director. Plaintiff sues all defendants in their official capacities.

Plaintiff alleges that: on August 5, 2004, one of the defendants wrote an incident report wherein Plaintiff was accused of un-excused absence during the census count; that on September 22, 2004, the three other defendants wrote similar incident reports; and that, as a result, Plaintiff's pay grade was reduced from a grade 2 to a grade 4.

Plaintiff seeks monetary damages.

**D.     Legal Analysis**

   **1.     *Fourth Amendment***

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Plaintiff does not have a property interest in his job.  See Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1995).  Since Plaintiff does not have a property interest in his prison job, he also does not have a property interest in maintaining a specific pay grade. Further, Plaintiff has alleged no facts that suggest that his pay grade was reduced on a basis that infringed upon any constitutionally protected interests.  Vignolo, 120 F.3d at 1077.  Thus, he is unable to state a cognizable claim under the Fourth Amendment.

   **2.     *Fifth Amendment***

"[T]he Due Process Clause of the Fifth Amendment subjects the federal government to constitutional limitations that are the equivalent of those imposed on the states by the Equal Protection Clause of the Fourteenth Amendment."  Consejo De Desarrollo Economico De Mexicali, A. C.  v. United States, 482 F.3d 1157, 1170 n.4 (9th Cir. 2007) (citing to Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693 (1954)).

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.

Plaintiff does not have a liberty interest in his prison job.  Sandin v. Connor, 515 U.S. 472, 484 (1995).  Since Plaintiff does not have a liberty interest in his prison job, he also does not have a liberty interest in maintaining a specific pay grade.  Thus, Plaintiff is unable to state a cognizable claim under the Fifth Amendment for an allegedly wrongful reduction in his pay grade.

3

### 3. *Eighth Amendment*

"The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Further, a condition of confinement is not actionable unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472 (1995).

While Plaintiff might have become accustomed to receiving a higher wage for his efforts, a mere reduction in pay grade is not an extreme deprivation and does not impose atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life. Thus, Plaintiff is unable to state a cognizable claim under the Eighth Amendment for an allegedly wrongful reduction in his pay grade.

### 4. *Sovereign Immunity*

Plaintiff brings suit against all four defendants solely in their official capacities. Such claims are barred by the doctrine of sovereign immunity. Gilbert v. DaCrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). Plaintiff might be able to cure this defect were he to allege suit against the defendants in their individual capacities. However, since the Court finds that he is unable to state cognizable claims based on the substance of his allegations, Plaintiff is not given leave to amend to cure this technical defect.

## II. **RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint, filed on August 25, 2005, be dismissed with prejudice for failure/inability to state a claim.

These findings and recommendations will be submitted to the United States District

4

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 21, 2008**              /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE